UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEVORIS JAMES, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 3:22-CV-723-CCB-SJF |
| INDIANA DEPARTMENT OF CORRECTION, et al., | |
| Defendants. | |

**OPINION and ORDER**

This case has been at an impasse since February 2024. Accordingly, the Court now enters the following opinion and order to resolve all outstanding disputes so that this case may proceed to the final stages of discovery.

**I.   Background**

Plaintiffs filed this case on August 31, 2022. After the pleadings were finalized, the Court entered a Rule 16(b) Scheduling Order on June 16, 2023. Relevant to the pending disputes, the Court's Scheduling Order memorialized the parties' agreement that the deadline for completion of fact discovery was March 1, 2024. [*See* DE 84 at 1].

Defendants propounded written discovery on Plaintiffs on January 26, 2024. Plaintiffs responded to these discovery requests on February 23, 2024. Defendants maintain that the responses were deficient. The parties' filings suggest that Defendants' concerns were resolved, at least in part, on or about April 1, 2024. [*See* DE 103].

On February 21, 2024, Defendants also served deposition notices for the eleven Plaintiffs in this case. The deposition notices stated that Plaintiffs' depositions would take place just before the expiration of the fact discovery deadline, on February 28th and 29th, respectively. Plaintiffs moved to quash these notices on February 27, 2024, for two reasons: one, Defendants failed to seek leave to depose the incarcerated Plaintiffs as required by Fed. R. Civ. P. 30(a)(2)(B); and two, Defendants failed to notice the depositions at least 14 days in advance, contravening N.D. Ind. L.R. 30-1(b). The Court granted Plaintiffs' motion to quash on February 28, 2024, and further ordered Defendants to file a brief explaining whether their actions were substantially justified or whether other circumstances would make an award of Plaintiffs' expenses incurred in filing the motion to quash unjust.

The parties have since made a flurry of additional filings. The parties' filings are primarily in response to these discovery disputes but also address other miscellaneous matters. The discovery matters that remain pending are: (1) Defendants' Brief Regarding the Court's Order Granting Plaintiff's Motion to Quash [DE 101]; (2) Defendants' Motion to Extend the Discovery Deadline [DE 92]; (3) Defendants' Motion for Leave to Depose Plaintiffs [DE 98]; (4) Plaintiff's Notice to the Court [DE 103]; and (5) Defendants' Motion to Strike Plaintiff's Notice [DE 104]. The matters unrelated to the parties' discovery disputes that are also ripe are: (1) Plaintiffs' Motion to Compel Suggestion of Death [DE 108]; and (2) Plaintiffs' Motion to Make Inmates Available for Mediation. [DE 112].

The Court begins by addressing the filings prompted by the February 2024 deposition dispute [DEs 92, 98, and 101] and the filings prompted by other discovery-related concerns [DEs 103 and 104]. The Court will then address the remaining miscellaneous filings [DEs 108 and 112] so that this case can proceed.

## II.   Discussion

### A.   Defendants' Rule 37 Brief [DE 101]

As stated, the Court granted Plaintiff's Motion to Quash Defendants' deposition notices on February 28, 2024. Fed. R. Civ. P 37(a)(5)(A) provides that, when a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the Court must not order payment of expenses if "the opposing party's . . . objection [to discovery] was substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Accordingly, consistent with Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii), the Court ordered "Defendants to file a brief no later than March 14, 2024, addressing the question of whether their counsel's failure to properly notice the Plaintiffs' deposition notices was substantially justified or if other circumstances would make an award of Plaintiffs' expenses unjust." [DE 97 at 3].

Defendants timely filed their brief in response to the Court's order on March 14, 2024. [DE 101]. Through their brief, Defendants present three arguments that fees should not be awarded. It is Defendants' burden to show that fees are not justified. *See*

3

*Rehder v. KMM Corp.*, No. 122CV00419HABSLC, 2023 WL 5836605, at *2 (N.D. Ind. July 31, 2023) ("The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party [to] obtain such an award.") (internal citation omitted). Accordingly, the Court will consider each of their arguments in turn.

First, Defendants explain that they failed to seek the Court's leave before deposing the incarcerated Plaintiffs because their counsel mistakenly believed that Fed. R. Civ. P. 30(a)(2)(B) did not apply in cases where incarcerated individuals are represented by counsel. Defendants contend that, because their failure was due to a mere mistake by their counsel, an award of attorneys' fees is not justified. But it is axiomatic that "[m]isunderstanding the law does not make an action 'substantially justified.'" *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021)(citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). Without more, the Court cannot find that this argument meets Defendants' burden to avoid assessment of fees. *See Rehder*, 2023 WL 5836605, at *2.

Next, Defendants acknowledge that the depositions were noticed in contravention of the Court's local rules but explain that their "counsel did not initially anticipate that Plaintiffs' counsel would file a motion to quash . . . because counsel reasonably believed that at least some of the Plaintiffs' depositions could proceed." [DE 101 at 3]. The Court is unconvinced that Defendants' untimely conduct can be considered justifiable because of their counsel's belief that Plaintiffs' counsel would be willing waive a requirement in this Court's local rules. *See Rackemann v. LISNR, Inc.*, No.

4

117CV00624MJDTWP, 2018 WL 3328140, at *5 (S.D. Ind. July 6, 2018) (finding that the winning party's failure to confer on the scope and timing of an issue did not meet the losing's party burden to demonstrate that an award would be unjust).

Finally, Defendants maintain that an award would be unjust because, once these disputes arose, Defendants promptly moved to address them. Defendants explain that they moved for both an extension of the discovery deadline and for leave to take Plaintiffs depositions under Rule 30(a)(2)(B) shortly after these disputes arose. But the Court cannot find that Defendants' belated attempts at compliance make their failures substantially justified or otherwise makes an award of expenses unjust. *See Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4005346, at *6 (N.D. Ind. Sept. 8, 2011) ("When the disclosing party provides the requested discovery shortly after the motion to compel is filed, substantial justification has not been found for the delay.") Finding that all three arguments fall short of Defendants' burden to avoid assessment of fees, the Court will award Plaintiffs their reasonable expenses incurred in filing their motion to quash on February 27, 2024.

But the Court must also determine who bears responsibility for payment of the fees. Defendants' brief demonstrates that their counsel misunderstood applicable rules and belatedly filed deposition notices. Thus, the brief suggests that Defendants themselves had no role in the events causing Plaintiffs to file their motion to quash. "When a party's attorney is at fault for a discovery violation, the appropriate remedy is to shift costs to the party's counsel." *Thompson v. Fajerstein,* No. 08 CV 3240, 2010 WL 4628515, at *1 (N.D. Ill. Nov. 8, 2010) (internal quotation and citation omitted).

5

Therefore, Defendants' counsel is responsible for payment of Plaintiffs' fees incurred here. The Court orders Plaintiffs to file a statement of expenses, including attorney fees, related to its motion to quash by October 28, 2024. Any objection to the reasonableness of Plaintiffs' statement must be filed by Defendants by November 12, 2024.

### B.  Defendants' Motion to Extend Discovery [DE 92] and Motion for Leave to Depose Plaintiffs [DE 98]

The Court next considers Defendants' Motion to Extend Discovery [DE 92] and belated Motion for Leave Depose Plaintiffs [DE 98]. Plaintiffs have objected to both motions, contending that Defendants have failed to show the good cause necessary to justify an extension, as Defendants failed to diligently engage in discovery before the expiration of the fact discovery deadline. Defendants, however, contend that there is good cause for an extension of the discovery deadline because at least some of their delay was due to the Plaintiffs' "facially deficient discovery responses which hindered the defense of this case." [DE 100 at 2]. As such, Defendants explain that, even if their counsel had timely filed their Rule 30(a)(2)(B) motion and deposition notices, the parties would still have not been able to proceed with depositions due to deficiencies with Plaintiffs' written discovery responses.

Fed. R. Civ. P. 16(b)(4) allows modifications of Rule 16(b) Scheduling Orders "for good cause and with the judge's consent." The good cause standard "primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 831 (7th Cir. 2016) (quoting *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Good cause exists when

a movant shows that "despite [their] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

The record before the Court lacks a meaningful showing of Defendants' due diligence during discovery. First, the parties' filings demonstrate that Defendants did not propound written discovery or notice depositions until January 2024 and February 2024, respectively—several months after the Court entered its Scheduling Order in June 2023. Defendants never explain why they did not, or could not, begin discovery earlier. But it also appears issues with Plaintiffs' discovery responses may have contributed, at least in part, to this delay. In fact, Plaintiffs' Notice to the Court effectively concedes that their responses were initially deficient and required supplementation. [*See* DE 103]. Moreover, the parties' filings make it clear that the parties have been unable to negotiate disputes or timely communicate—which has undoubtedly contributed to the delay of this case.

Nevertheless, this Court is obligated to "to secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Justice warrants an accurate depiction of the truth to the extent reasonably possible. Extending the discovery period will aid the parties and this Court in finding the truth and will help this Court resolve Plaintiffs' claims as justly and quickly as possible. Accordingly, the Court will grant Defendants' Motion to Extend the Fact Discovery Deadline over Plaintiffs' objection. [DE 92]. With the discovery deadline now extended, the Court will also grant Defendants' Motion for Leave to Depose Plaintiffs. [DE 98].

The case management deadlines set in the Court's Scheduling Order have now passed. Accordingly, the parties are ordered to meet and confer so that they may file a revised Report of Parties' Planning on or before October 28, 2024. Upon receipt of the parties' Report, the Court will issue an amended Rule 16(b) Scheduling Order resetting the remaining case management deadlines or set a telephonic status conference as appropriate.

C. **Remaining Discovery-Related Filings**

On April 1, 2024, Plaintiffs filed a notice to the Court reporting that Plaintiffs "supplemented all of their responses to Defendants' Interrogatories and provided their signatures to their responses." [DE 103]. The following day, Defendants moved to strike this notice, characterizing it as an inappropriate sur-reply filed in response to their reply in support of an extension of the discovery deadline. Plaintiffs dispute that this notice is a sur-reply to Defendants' extension motion, maintaining that they simply sought to update the Court on the status of discovery. [DE 105].

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The parties dispute what type of filing Plaintiffs' notice is, but the Court need not address this issue to consider it under Rule 12(f). "While Rule 12(f) does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, No. 11 CV 8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (collecting cases). Such motions are disfavored "as they consume scarce judicial resources and may

8

be used for dilatory purposes." *Oswalt v. Rekeweg*, No. 117CV00278TLSSLC, 2017 WL 5151205, at *1 (N.D. Ind. Nov. 7, 2017) (internal citation omitted).

The Court questions the necessity of Defendants' motion here. To the extent that the Court has considered Plaintiff's notice, it has done so to the benefit of Defendants by referencing the notice in the context of Defendants' representation that Plaintiffs' deficient discovery responses contributed to the parties' delay. The Court finds no reason to grant the motion. Accordingly, Defendants' Motion to Strike will be denied. [DE 104].

### D. Remaining Miscellaneous Motions

Plaintiffs filed a Motion to Compel Suggestion of Death on May 6, 2024, explaining that Plaintiffs learned that one of the Defendants, Captain Ernest Pickens, died on February 29, 2024. Plaintiffs' motion asks the Court to order Defendants to file a statement noting death under Fed. R. Civ. P. 25(a) so that Plaintiffs can determine whether an estate has been opened for Captain Pickens and can substitute the proper party. Defendants filed a suggestion of death the following day, reporting that "counsel is not aware of an estate being opened for Ernest Pickens." [DE 109 at 1. ¶4].

With Defendants' filing of a Suggestion of Death as requested by Plaintiff, Plaintiffs' Motion to Compel will be denied as moot. [DE 108]. However, Defendants' statement does not identify the representative to be substituted. "Courts have found that where the statement of death does not list the name of an executor or administrator of the estate, although the information is readily available to the person filing the statement, the statement or suggestion of death is ineffective under Rule 25."

9

*Merit Ins. Co. v. Colao*, No. 75 C 899, 1986 WL 9543, at *5 (N.D. Ill. Aug. 27, 1986).

Accordingly, Defendants shall supplement the Suggestion of Death with this information and serve it on the parties by October 28, 2024. If Defendants are unable to ascertain this information by that date, or if Captain Pickens does not intend to open an estate, Defendants' status report must provide this information. *See Curry v. Wexford Health Sources,* No. 22-CV-1237, 2023 WL 2796477, at *7 (C.D. Ill. Apr. 5, 2023).

Finally, Plaintiffs filed their Unopposed Motion to Make Inmates Available for Mediation. Through this motion, Plaintiffs seek an order from the Court requiring the Indiana Department of Correction ("IDOC") to make the incarcerated Plaintiffs available for mediation, which the parties currently have scheduled with Mediator Michael Scopelitis on October 24, 2024. With no objection from Defendants, the motion will be granted. [DE 112]. Defendants are ordered to provide a copy of this order to appropriate IDOC staff and to cooperate with Plaintiff and appropriate IDOC staff to facilitate the incarcerated Plaintiffs' availability for the parties' mediation session.

### E.     Admonishment

As a final matter, although the most recent motion demonstrates that there has been some cooperation among the parties, the record before the Court demonstrates a longstanding inability to negotiate disputes in this action without seeking court intervention. Many of these filings reflect not only the parties' inability to negotiate in good faith, but also their inability to communicate promptly on case matters. Accordingly, the Court reminds the parties of their obligation under Fed. R. Civ. P. 1 to facilitate a just, speedy, and inexpensive determination of this action and their

obligation to exercise due diligence in negotiating disputes. As this case approaches its final stages, both parties are admonished to proceed accordingly to avoid unnecessary delay and expense.

### III.   Conclusion

Based on the foregoing, the Court now:

- **AWARDS** Plaintiffs their reasonable expenses incurred in filing their motion to quash on February 27, 2024, to be paid by Defendants' counsel. The Court also **ORDERS** Plaintiffs to file a statement of expenses, including attorney fees, related to its motion to quash by **October 28, 2024**. Any objection to the reasonableness of Plaintiffs' statement must be filed by Defendants by **November 12, 2024**.

- **GRANTS** Defendant's Motion to Extend the Fact Discovery Deadline over Plaintiffs' objection. [DE 92]. With the discovery deadline now extended, Defendants' Motion for Leave to Depose Plaintiffs is also **GRANTED**. [DE 98]. The parties are **ORDERED** to meet and confer so that they may file a revised Report of Parties' Planning on or before **October 28, 2024,** so that new deadlines may be entered, or a status conference may be scheduled.

- **DENIES** Defendants' Motion to Strike Plaintiff's Notice**. [**DE 104].

- **DENIES as MOOT** Plaintiffs' Motion to Compel Suggestion of Death [DE 108]. However, Defendants shall file a supplemental Suggestion of Death or status report by **October 28, 2024,** as outlined in this order.

11

- **GRANTS** Plaintiff's Motion to Make Inmates Available for Mediation. [DE 112]. Defendants are further **ORDERED** to provide a copy of this order to appropriate IDOC staff and to cooperate with Plaintiffs' counsel and appropriate IDOC staff to facilitate the incarcerated Plaintiffs' availability for the parties' mediation session.

- **REMINDS** the parties of their obligation under Fed. R. Civ. P. 1 to facilitate a just, speedy, and inexpensive determination of this action and their obligation to exercise due diligence in negotiating disputes.

**SO ORDERED** this 19th day of September 2024.

        s/Scott J. Frankel
        Scott J. Frankel
        United States Magistrate Judge